## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DIRECT GENERAL INSURANCE
COMPANY,

      Plaintiff,

      v.

JOSEPH BEECHER ALCE;
DESTINY ALCE; JEANETTE
JACQUES; JOSEPH BEECHER
ALCE; and JOSEPH BEECHER
ALCE,

      Defendants.

Case No. 6:23-cv-681-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the Motion to Bifurcate (Dkt. 34), filed by Plaintiff and Counter-Defendant, Direct General Insurance Company, on August 9, 2023. Defendants oppose Direct General's motion. Dkt. 36.

This case started as an insurance dispute initiated by Direct General. The company issued an automobile insurance policy to Mr. Joseph Beecher Alce. After the vehicle covered by the policy was involved in an accident, the driver and passengers of the vehicle and the driver of the other vehicle involved in the accident appear to have filed personal injury or other claims on the

policy. Direct General contends that it may, based on the policy's terms and Florida law, rescind the policy because Mr. Alce said in his application that his minor daughter did not reside with him.

Based on this, Direct General filed a lawsuit in state court seeking to rescind the policy and thereby avoid its liability to pay the claims associated with the accident. Defendants—who are all named defendants in Direct General's lawsuit—counter-sued, bringing class action claims against Direct General as well as additional breach of contract and declaratory judgment claims. Direct General responded by removing the case to this Court in April 2023. The Court issued a case management scheduling order on June 27, 2023. Dkt. 28. Discovery has been ongoing since that time.

In its motion, Direct General essentially asks the Court to throw out case management deadlines set just a few months ago for Direct General's preferred outcome: limited or no discovery on Defendants' counterclaims until Direct General receives an adjudication of its claims.

Direct General has asked for similar relief twice before and been twice rejected. The company first asked the Court to bifurcate discovery in the case management report. Dkt. 23 at 6. The Court did not take up Direct General's request, imposing instead its standard case management deadlines. Dkt. 28 at 1–2 (imposing case management deadlines that do not bifurcate discovery). Direct General then moved to stay all discovery while the Court considers its

motion to dismiss Defendants' counterclaims. Dkt. 33. But the Court denied that request too. Dkt. 37. This motion therefore Direct General's third bite at this particular apple.

The company would have the Court bifurcate discovery "between class certification issue and merits issues." Dkt. 43 at 2. Direct General wants this relief because it wants the Court to adjudicate its claims first, leaving the burden of responding to "expensive class discovery" until later. *Id.* at 3 (arguing the Court should "address [individualized] threshold and case dispositive issues prior to Direct General being burdened with expensive class discovery"). Direct General also contends it should not "have to expend countless resources responding to class discovery until individual discovery establishes that Counter-Plaintiffs have a cause of action and that they can meet the elements of Rule 23 to represent a putative class." *Id.* at 2–3.

Case management activities such as bifurcation or phasing of discovery fall within the Court's broad discretion. *Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013) (quoting *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir.2001)). The Court considered Direct General's prior request to bifurcate and rejected it. It does so again.

Direct General has established no reason for the Court to revisit its earlier orders, modify its Case Management and Scheduling Order, or to depart from its long-standing practice of not bifurcating discovery.

Accordingly, Plaintiff's Motion to Bifurcate Discovery (Dkt. 34) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 8, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record